UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CR No. 99-113T |
| | : | |
| ALPHA WILLIAMS | : | |

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

This matter has been referred to me pursuant to 28 U.S.C. § 636(b)(1)(B) and 18 U.S.C. § 3401(i) for proposed findings of fact concerning whether the Defendant is in violation of the terms of his supervised release and, if so, to recommend a disposition of this matter. In compliance with that directive and in accordance with 18 U.S.C. § 3583(e) and Fed. R. Crim. P. 32.1, a hearing was held on December 17, 2007, at which time Defendant, through counsel and personally, admitted that he was in violation of his supervised release conditions as to the charged violations. At the hearing, I ordered Defendant detained pending my Report and Recommendation and final sentencing before Senior District Judge Ernest C. Torres. Based upon the following analysis and the admission of Defendant, **I recommend that Defendant be committed to the Bureau of Prisons for a term of ten (10) months of incarceration, followed by a term of supervised release for a period of twenty-six (26) months. I further recommend that, while on supervised release, Defendant complete twenty-five hours of community service for each week unemployed; and participate in outpatient substance abuse treatment to include up to seventy-two urine specimens per year as approved by the U.S. Probation Department.**

**Background**

On November 9, 2007, the Probation Office petitioned the Court for the issuance of a summons. On November 13, 2007, the District Court reviewed the request and ordered the issuance of a summons. On December 17, 2007, Defendant knowingly and voluntarily admitted to the following charges and waived his right to a revocation hearing under Fed. R. Crim. P. 32.1(b)(2):

> **The Defendant shall refrain from any unlawful use of a controlled substance.**
>
> Mr. Williams used marijuana on October 6, 2007 as evidenced by his admission on October 9, 2007 and his positive urine specimen on October 11, 2007.
>
> **The Defendant shall complete 25 hours of community service for each week unemployed.**
>
> Mr. Williams failed to complete twenty-five hours of community service for each week that he was unemployed as directed by the U.S. Probation Department on October 9, 2007, October 12, 2007 and October 31, 2007. He is currently 414 hours in arrears with his community service.
>
> **The defendant shall follow the instructions of the probation officer.**
>
> Mr. Williams failed to seek out employment as directed by the U.S. Probation Department on October 9, 2007.
>
> **The Defendant shall participate in an outpatient program approved by the Probation Office for substance abuse, which program may include testing to determine whether the defendant has reverted to the use of drugs or alcohol.**
>
> Mr. Williams failed to attend outpatient counseling at Adcare, Warwick, Rhode Island as scheduled on October 18, 2007, October 26, 2007, November 2, 2007 and November 8, 2007.

As the Defendant has admitted these charges, I find he is in violation of the terms and conditions of his supervised release.

**Recommended Disposition**

Section 3583(e)(2), 18 U.S.C., provides that if the Court finds that Defendant violated a condition of supervised release, the Court may extend the term of supervised release if less than the maximum term was previously imposed. In this case, the maximum term of supervised release was previously imposed, therefore the term cannot be extended.

Section 3583(e)(3), 18 U.S.C., provides that the Court may revoke a term of supervised release and require the Defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term or supervised release without credit for time previously served on post release supervision, if the Court finds by a preponderance of evidence that the defendant has violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be sentenced to a term beyond 5 years if the instant offense was a Class A felony, 3 years for a Class B felony, 2 years for a Class C or D felony, or 1 year for a Class E felony or a misdemeanor. If a term of imprisonment was imposed as a result of a previous supervised release revocation, that term of imprisonment must be subtracted from the above-stated maximums to arrive at the current remaining statutory maximum sentence. In this case, Defendant was on supervision for a Class C felony. Therefore, he may not be required to serve more than two years' imprisonment upon revocation.

Pursuant to 18 U.S.C. § 3583(h) and § 7B1.3(g)(2), when a term of supervised release is revoked and the defendant is required to serve a term of imprisonment that is less than the maximum

term of imprisonment authorized, the Court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release. In this case, the authorized statutory maximum term of supervised release is three years. There has not been any term of imprisonment previously imposed for violations of supervised release. Therefore, the Court may impose the above-noted statutory maximum, minus the term of imprisonment that is to be imposed for this revocation.

Section 7B1.1 of the Sentencing Guidelines provides for three grades of violations (A, B and C). Subsection (b) states that where there is more than one violation, or the violation includes more than one offense, the grade of violation is determined by the violation having the most serious grade.

Section 7B1.1(a) notes that a Grade A violation constitutes conduct which is punishable by a term of imprisonment exceeding one year that (i) is a crime of violence, (ii) is a controlled substance offense, or (iii) involves possession of a firearm or destructive device; or any other offense punishable by a term of imprisonment exceeding twenty years. Grade B violations are conduct constituting any other offense punishable by a term of imprisonment exceeding one year. Grade C violations are conduct constituting an offense punishable by a term of imprisonment of one year or less; or a violation of any other condition of supervision.

Section 7B1.3(a)(1) states that upon a finding of a Grade A or B violation, the Court shall revoke supervision. Subsection (a)(2) provides that upon a finding of a Grade C violation, the court may revoke, extend, or modify the conditions of supervision. In this case, Defendant has committed

Grade C violations and the statutory maximum term of supervised release has already been imposed. Therefore, the Court may not extend supervision, but may revoke or modify supervision.

Section 7B1.3(c)(1) provides that where the minimum term of imprisonment determined under § 7B1.4 is at least one month, but not more than six months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in § 5C1.1(e) for any portion of the minimum term. Should the Court find that Defendant has committed a Grade B or C violation, § 7B1.3(c)(2) states that where the minimum term of imprisonment determined under § 7B1.4 is more than six months but not more than ten months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in §5C1.1(e), provided that at least one-half of the minimum term is satisfied by imprisonment. The second provision which allows for alternatives for one-half of the minimum term applies to this matter.

Section 7B1.3(d) states that any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation shall be ordered to be paid or served in addition to the sanction determined under § 7B1.4 (Term of Imprisonment), and any such unserved period of confinement or detention may be converted to an equivalent period of imprisonment. In this case, there is no outstanding restitution, fine, community confinement, home detention or intermittent confinement.

Section 7B1.4(a) of the USSG provides that the criminal history category is the category applicable at the time Defendant was originally sentenced. In this instance, Defendant had a criminal history category of VI at the time of sentencing.

Should the Court revoke supervised release, the Revocation Table provided for in § 7B1.4(a) provides the applicable imprisonment range. In this case, Defendant committed Grade C violations and has a Criminal History Category of VI. Therefore, the applicable range of imprisonment for this violation is eight to fourteen months.

Section 7B1.5(b) of the USSG provides that, upon revocation of supervised release, no credit shall be given toward any term of imprisonment ordered, for time previously served on post-release supervision.

**Offender's Characteristics**

Defendant commenced his term of supervised release on March 7, 2007 and almost immediately violated his conditions. See Document No. 22. He tested positive for marijuana use on March 28, 2007 and on May 8, 2007. He was referred to outpatient drug treatment and missed appointments. He was directed to seek out employment and decided that he would not since he was applying for Social Security Disability benefits.[1] In lieu of formal violation charges, Probation proposed a modification of conditions to provide for a three-month term of community confinement to support Defendant in his drug treatment and transition to employment. Id.

[1] Defendant's unilateral decision to not seek out employment and instead to focus on the pursuit of disability benefits is troubling. While the issue of Defendant's entitlement to Social Security disability is not before me, he should at least make a good faith attempt at securing employment and working. If Defendant is able to find and sustain active employment, his ability to successfully complete supervised release will be greatly improved.

Defendant completed his community confinement term in September and promptly reverted to violating his conditions of supervised release. He tested positive for marijuana use on October 11, 2007 and again missed drug treatment appointments. He continued to refuse to seek out employment and failed to perform the required community service.

Defendant has admitted to a Grade C violation, and the guideline range for a revocation is eight to fourteen months. The Government argues that a maximum revocation sentence of fourteen months is warranted due to Defendant's blatant disregard of his conditions and his serious criminal history. See Government Ex. 1. Defendant argues for a six-month sentence of home confinement. Defendant contends that further incarceration would not be productive and that a home confinement sentence would allow him to participate in drug treatment and vocational rehabilitation.

While Defendant is correct that further incarceration is not productive, he did not get the message after his initial modification and term of community confinement. That modification was in lieu of a formal revocation proceeding and Defendant wasted that opportunity. He immediately reverted to the same violative behavior after leaving community confinement. Although Defendant contends that he has changed and deserves another chance, his recent behavior shows that he failed to appreciate the leniency afforded to him when Probation initially pursued a modification rather than a revocation. A stronger message needs to be sent to Defendant as to the consequences of noncompliance. While I would be inclined to recommend a lower-end sentence in an initial Grade C violation of this type, this is effectively Defendant's second revocation case given the violations underlying his earlier modification. Thus, taking all of the relevant facts and circumstances into

consideration, I recommend a sentence of ten (10) months' incarceration to be followed by twenty-six (26) months' supervised release with special conditions.

**Conclusion**

After considering the various factors set forth in 18 U.S.C. § 3553(a), **I recommend that Defendant be committed to the Bureau of Prisons for a term of ten (10) months of incarceration, followed by a term of supervised release for a period of twenty-six (26) months. I further recommend that, while on supervised release, Defendant complete twenty-five hours of community service for each week unemployed; and participate in outpatient substance abuse treatment to include up to seventy-two urine specimens per year as approved by the U.S. Probation Department.**

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within ten (10) days of its receipt. Rule 32, Local Rules of Court; Fed. R. Civ. P. 72(b). Failure to file specific objections in a timely manner constitutes a waiver of the right to review by the District Court and the right to appeal the District Court's Decision. United States v. Valencia-Copete, 792 F.2d 4 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980).

/s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
December 19, 2007